**<u>Exhibit 1</u>**

**Settlement Agreement**

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement") is made and entered into as of June 20, 2024 (the "Settlement Date") by and among: (i) FTX Trading Ltd. ("FTX.com") and West Realm Shires Services, Inc. ("FTX US" and together with FTX.com, the "Plaintiffs" and collectively with their affiliated debtors and debtors-in-possession, the "Debtors"), on the one hand, and (ii) Michael Burgess, Huy Xuan "Kevin" Nguyen ("Nguyen"), Jing Yu "Darren" Wong, Matthew Burgess, Lesley Burgess, 3Twelve Ventures Ltd., and BDK Consulting Ltd. (the "Defendants" and, together with the Plaintiffs, each a "Party" and collectively, the "Parties") in the adversary proceeding under the caption *In re FTX Trading Ltd. & West Realm Shires Services, Inc.* v. *Burgess et al.*, Case No. 23-50585 (JTD) (the "Adversary Proceeding"), on the other hand. The Parties hereby agree as follows:

**WHEREAS**, on November 11 and 14, 2022 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby commencing Chapter 11 proceedings (the "Chapter 11 Cases");

**WHEREAS**, on September 21, 2023, the Plaintiffs commenced the Adversary Proceeding by filing a complaint (the "Complaint") in the Bankruptcy Court;

**WHEREAS**, the Plaintiffs allege in the Complaint, among other things, that the Defendants received the benefit of withdrawals from FTX.com and FTX US accounts of the digital assets and fiat currency set forth in Exhibit A to the Complaint, which were collectively valued at approximately $157.3 million based on pricing as of August 31, 2023;

**WHEREAS**, Michael Burgess filed customer proofs of claim against FTX.com (Claim Nos. 71771 and 80557) for the balance of one FTX.com customer account as of the Petition Date (the "Burgess Proofs of Claim");

**WHEREAS**, Nguyen filed customer proofs of claim against FTX.com (Claim Nos. 53574, 53580, and 53598) for the balance of two FTX.com customer accounts as of the Petition Date (the "Nguyen Proofs of Claim");

**WHEREAS**, Darren Wong filed a customer proof of claim against FTX.com (Claim No. 69052) for the balance of one FTX.com customer account as of the Petition Date (the "Wong Proof of Claim");

**WHEREAS**, BDK Consulting Ltd. filed customer proofs of claim against FTX.com (Claim Nos. 80362 and 86324) for the balance of one FTX.com customer account as of the Petition Date (the "BDK Proofs of Claim" and together with the Burgess Proofs of Claim, the Nguyen Proofs of Claim, and the Wong Proof of Claim, the "Filed Proofs of Claim");

**WHEREAS**, the Defendants maintained certain other FTX.com and FTX US accounts as to which they did not file customer proofs of claim, which collectively had a net negative balance as of the Petition Date.

**WHEREAS**, the aggregate balances as of the Petition Date across the FTX.com and FTX US accounts maintained by the Defendants totaled approximately $34,791,213.17.

**WHEREAS**, on September 28, 2023, Nguyen filed a proof of debt against non-Debtors FTX Australia Pty Ltd. and FTX Express Pty Ltd. in their separate Australian proceedings (the "Nguyen Proof of Debt"), totaling (as amended) AUD 8,878,259.92, representing certain withdrawals requested but not completed from an FTX.com customer account, which are a subset of the $34,791,213.17 aggregate balances as of the Petition Date referenced above;

**WHEREAS**, on May 29, 2024, Nguyen received from non-Debtors FTX Australia Pty Ltd. and FTX Express Pty Ltd. payments on account of the Nguyen Proof of Debt totaling AUD 8,878,259.92 along with AUD 1,101,390.71 in statutory interest;

**WHEREAS**, the Defendants vigorously dispute the Plaintiffs' allegations, in whole or in part, and asserted various legal and factual defenses to each of the Plaintiffs' assertions and arguments as set out in the Defendants' motion to dismiss and other related briefing;

**WHEREAS**, each Party has an interest in avoiding the cost and expense that would be associated with litigation of the novel and complex issues raised by the disputes between the Parties; and

**WHEREAS**, without any admission by any Party, and subject to the terms of this Settlement Agreement, the Parties desire to finally resolve and settle all disputes between them relating to the Adversary Proceeding, all other disputes between or among the Parties, and all related and other matters as set forth herein;

**NOW, THEREFORE**, in consideration of the above and the respective promises, conditions, terms, and agreements contained herein, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

**1.    AGREEMENTS OF THE PARTIES**

(a)    <u>Recitals Incorporated</u>.  The recitals and paragraphs set forth above are hereby incorporated in full and made a part of this Settlement Agreement.

(b)    <u>Bankruptcy Court Approval Required</u>.  This Settlement Agreement among the Parties is subject in all respects to the approval of the Bankruptcy Court.  Pending approval of this Settlement Agreement by the Bankruptcy Court, and subject to the occurrence of the Settlement Effective Date, each of the Parties agrees that it is and will be bound by this Settlement Agreement and waives any right to object to approval by the Bankruptcy Court.  The Plaintiffs shall file a motion, in a form reasonably acceptable to the Defendants, seeking approval of the Settlement Agreement (the "Approval Motion") within seven (7) days following execution of this Settlement Agreement by all Parties or on a date reasonably agreed to by the Parties.  The Parties agree to cooperate and take such actions as are reasonably necessary (including in the event that an objection or other opposition to the Approval Motion is filed) to obtain prompt Bankruptcy Court approval of the Settlement Agreement.  In the event that the Bankruptcy Court declines to approve this Settlement Agreement, or the order approving this Settlement Agreement (the "Approval

Order") does not become final and non-appealable, this Settlement Agreement shall become null and void and of no further force and effect, and the Parties will be returned to the *status quo ante* as if this Settlement Agreement had never been entered.

(c) <u>Settlement Effective Date</u>. The terms of this Settlement Agreement shall become effective upon the Approval Order becoming final and non-appealable (the "<u>Settlement Effective Date</u>").

(d) <u>Settlement Payment</u>. Within seven (7) days of the Settlement Effective Date, the Defendants shall cause $15,000,000 (the "<u>Settlement Payment</u>") to be transferred to the Debtors, pursuant to the Debtors' written instructions.

(e) <u>Disallowance of Claims</u>. As of the Settlement Effective Date, the Filed Proofs of Claim shall, subject to the terms of this Settlement Agreement, be disallowed and expunged in their entirety without further order of the Bankruptcy Court. The Debtors, or their claims agent, shall be authorized to reflect such disallowance on the claims registry. For the avoidance of doubt, this Settlement Agreement does not address nor impact the Nguyen Proof of Debt in any manner whatsoever other than with respect to the allocation and potential adjustments set forth in Section 1(f) of this Settlement Agreement.

(f) <u>Allowance of Claim</u>. As of the Settlement Effective Date, the Debtors grant defendant BDK Consulting Ltd. an allowed customer claim against FTX Trading Ltd. in the amount of $18,919,575.97 (the "<u>BDK Allowed Claim</u>"), representing (i) the sum of the aggregate balances as of the Petition Date across the FTX.com and FTX US accounts maintained by the Defendants, totaling $34,791,213.17, (ii) reduced by $10,000,000, and (iii) further reduced by $5,871,637.20, representing the U.S. dollar equivalent of the amount received by Nguyen in connection with the Nguyen Proof of Debt (exclusive of statutory interest). To the extent that any of the Defendants or their assignees receive any further payments from a party that is not a Debtor on account of or relating to any of the Filed Proofs of Claim or underlying losses, the Defendants or their assignees shall promptly notify the Debtors of such distributions or payments and the BDK Allowed Claim shall be further reduced U.S. dollar for U.S. dollar on account of such distributions or payments, consistent with the provisions of an approved chapter 11 plan of the Debtors.

(g) <u>Dismissal of Adversary Proceeding</u>. Within seven (7) days of receipt of the Settlement Payment, the Plaintiffs and the Official Committee of Unsecured Creditors, as Plaintiff-Intervenor, shall file with the Bankruptcy Court a notice of dismissal with prejudice of the Adversary Proceeding.

2. **RELEASES**

(a) <u>Releases of Claims by Defendants</u>. Effective on the Settlement Effective Date (for the avoidance of doubt, without the need for any further steps or actions to be taken by any Party) and in consideration of agreements provided for herein, and other good and valuable consideration, the Defendants, each on its own behalf, and on behalf of their respective current or former affiliates and subsidiaries (and any liquidator, administrator, receiver, or trustee of same), officers, directors, predecessors, successors, and assigns (collectively, "<u>Defendant Releasors</u>"), do hereby release, remise, and forever discharge (other than the Nguyen Proof of Debt) the Plaintiffs, the Debtors,

3

and the Debtors' estates, along with each of their respective current or former affiliates, subsidiaries, officers, directors, advisors, employees, predecessors, successors, and assigns from and against any and all past, present, or future actions, causes of action, suits, debts, dues, sums of money, attorneys' fees and expenses, costs, contracts, contributions, compensation, licenses, leases, losses, claims, injuries, torts, breaches of duty, estimates, invoices, indemnities, reckonings, bonds, bills, specialties, covenants, controversies, agreements, promises, obligations, variances, representations, trespasses, tenancies, holdovers, damages, judgments, extents, executions, or any other claims and demands of whatever kind or character, in law, admiralty, or equity, whether known or unknown, whether anticipated or unanticipated, whether suspected or claimed, whether fixed or contingent, whether yet accrued or not, whether arising under the Bankruptcy code or not, and whether damages have resulted from such or not, that the Defendant Releasors have or could hereafter assert against the Plaintiffs, the Debtors, or the Debtors' estates to the extent relating to, arising from, or in connection with the Defendant Releasors and the Plaintiffs, the Debtors, the Debtors' estates, the Filed Proofs of Claim, the allegations in the Complaint, or otherwise; provided, however, this paragraph does not apply to any of the Debtors' obligations under the terms of this Settlement Agreement or claims for breach of this Settlement Agreement. The Defendants expressly represent and warrant that they have not transferred or purported to transfer, and will not transfer or purport to transfer, any claims against any of the Debtors or any of their affiliates or representatives; provided, however, this release and representation of no intent to transfer ***shall not apply*** to the BDK Allowed Claim and the Nguyen Proof of Debt; provided, further that the Defendants shall not transfer the BDK Allowed Claim and Nguyen Proof of Debt unless (i) the transferee enters into a written agreement providing that such transferee (a) shall promptly notify the Debtors if it receives distributions or payments from a party that is not a Debtor on account of or relating to any of the Filed Proofs of Claim or underlying losses, including any distributions or payments in connection with the Nguyen Proof of Debt, and (b) shall not take any adverse actions in its capacity as creditor under the BDK Allowed Claim (other than acquiring claims against the Debtors) but shall remain free to act in its capacity as creditor under any other proofs of claim they may hold; and (ii) the Defendants provide a copy of such agreement to the Plaintiffs. The scope of this release or any modification thereto by the Bankruptcy Court as part of its approval of this Settlement Agreement shall not affect the validity or effectiveness of this Settlement Agreement.

(b) <u>Releases of Claims by Debtors</u>. Effective on the Settlement Effective Date (for the avoidance of doubt, without the need for any further steps or actions to be taken by any Party) and in consideration of agreements provided for herein, and other good and valuable consideration, the Plaintiffs, the Debtors, and the Debtors' estates, each on its own behalf, and on behalf of their respective current or former affiliates and subsidiaries (and any liquidator, administrator, receiver, or trustee of same), officers, directors, predecessors, successors, and assigns (collectively, "<u>Debtor Releasors</u>"), do hereby release, remise, and forever discharge the Defendants, along with each of their respective current or former directors, officers, predecessors, successors, and assigns, from and against any and all past, present, or future actions, causes of action, suits, debts, dues, sums of money, attorneys' fees and expenses, costs, contracts, contributions, compensation, licenses, leases, losses, claims, injuries, torts, breaches of duty, estimates, invoices, indemnities, reckonings, bonds, bills, specialties, covenants, controversies, agreements, promises, obligations, variances, representations, trespasses, tenancies, holdovers, damages, judgments, extents, executions, or any other claims and demands of whatever kind or character, in law, admiralty, or equity, whether known or unknown, whether anticipated or unanticipated, whether suspected or claimed, whether

fixed or contingent, whether yet accrued or not, whether arising under the Bankruptcy code or not, and whether damages have resulted from such or not, that the Debtor Releasors have or could hereafter assert against the Defendants to the extent relating to, arising from, or in connection with the Debtor Releasors and the Defendants, the Filed Proofs of Claim, the allegations in the Complaint, or otherwise; <u>provided</u>, <u>however</u>, this paragraph does not apply to any of the Defendants' obligations under the terms of this Settlement Agreement or claims for breach of this Settlement Agreement. The scope of this release or any modification thereto by the Bankruptcy Court as part of its approval of this Settlement Agreement shall not affect the validity or effectiveness of this Settlement Agreement.

**3.    REPRESENTATIONS & WARRANTIES**

(a)    <u>Mutual Representations and Warranties of All Parties</u>. Each Party represents and warrants to each other Party that as of the date of this Settlement Agreement:

(i)    subject to the Approval Order, it, if applicable, has the requisite organizational power and authority to enter into this Settlement Agreement and to carry out the transactions contemplated by, and perform its respective obligations under, this Settlement Agreement;

(ii)   subject to the Approval Order, this Settlement Agreement constitutes a legal, valid and binding obligation of such Party, enforceable against such Party in accordance with its terms;

(iii)  the execution and delivery of this Settlement Agreement and the performance of its obligations hereunder have, to the extent applicable, been duly authorized by all necessary corporate or other organizational action on its part;

(iv)   the execution, delivery, and performance by it of this Settlement Agreement does not violate any provision of law, rule, or regulation applicable to it or any of its affiliates or its certificate of incorporation, by-laws, or other organizational documents or those of any of its affiliates; and

(v)    before executing this Settlement Agreement, it has been fully informed of its terms, contents, conditions and effects, it has had a full and complete opportunity to discuss this settlement with its attorney or attorneys, it is not relying in any respect on any statement or representation made by any other Party and no promise or representation of any kind has been made to such Party separate and apart from what is expressly contained herein to induce it into executing this Settlement Agreement.

**4.    MISCELLANEOUS PROVISIONS**

(a)    <u>No Admission of Liability.</u> The undersigned Parties each acknowledge and agree that the matters set forth in this Settlement Agreement constitute the settlement and compromise of disputed claims and defenses, that this Settlement Agreement is not an admission or evidence of liability or infirmity by any Party regarding any claim or defense, and that the Settlement Agreement shall not be offered or received in evidence by or against any Party except to enforce its terms.

5

(b)    Execution in Counterparts. This Settlement Agreement may be executed in counterparts by one or more of the Parties and all such counterparts when so executed shall together constitute the final Settlement Agreement, as if one document had been signed by all Parties; and each such counterpart, upon execution and delivery, shall be deemed a complete original, binding the Parties subscribed thereto upon the execution by all Parties to this Settlement Agreement. Delivery of this signed agreement by facsimile transmission or by .pdf, .jpeg, TIFF, or other form of electronic mail attachment will be deemed effective as delivery of a manually executed counterpart prior to and in the absence of manual delivery and will be binding upon the Parties.

(c)    Jurisdiction/Governing Law. The Bankruptcy Court shall retain, and each of the Parties irrevocably consents to, jurisdiction with respect to all matters arising from or related to this Settlement Agreement, including, without limitation, for purposes of enforcing the terms and conditions of this Settlement Agreement. This Settlement Agreement shall be governed by the laws of the State of Delaware.

(d)    Consent to Venue. The Parties irrevocably and unconditionally submit to and accept the jurisdiction of the Bankruptcy Court for any action, suit or proceeding arising out of or based upon this Settlement Agreement, and waives any objection that it may have to the laying of venue in any such court or that any such court is an inconvenient forum or does not have personal jurisdiction over it in connection with such an action, suit, or proceeding.

(e)    Notices. Any notices required hereunder shall be sent by either (i) certified mail, (ii) first class, return receipt requested, or (iii) by a nationally recognized overnight delivery service, as well as by email, to the following:

   (i)    If to the Defendants:

   **MORRIS JAMES LLP**
   Eric J. Monzo (DE Bar No. 5214)
   Tara C. Pakrouh (DE Bar No. 6192)
   500 Delaware Avenue, Suite 1500
   Wilmington, DE 19801
   Telephone: (302) 888-6800
   Facsimile: (302) 571-17501
   E-mail: emonzo@morrisjames.com
   tpakrouh@morrisjames.com

   with copies to:

6

**MORRISON COHEN LLP**
Heath D. Rosenblat
909 Third Avenue, 27th Floor
New York, NY 10022
Telephone: (212) 735-8600
Facsimile: 917-522-3157
Email: hrosenblat@morrisoncohen.com

and

**CHAMBERLAINS LAW FIRM**
Stipe Vuleta (admitted *pro hac vice*)
Lachlan McBride (admitted *pro hac vice*)
Sebastian Brodowski (admitted *pro hac vice*)
Samuel Keys-Asgill (admitted *pro hac vice*)
Level 12, 59 Goulburn Street
Sydney NSW 2000 Australia
Telephone: 02 9264 9111
Facsimile: (212) 558-3588
E-mail: stipe.vuleta@chamberlains.com.au
lachlan.mcbride@chamberlains.com.au
sebastian.brodowski@chamberlains.com.au
sam.keysasgill@chamberlains.com.au

and

Hugh Smith (admitted *pro hac vice*)
Level 8, 224 Bunda Street
Canberra City ACT 2601 Australia
Telephone: 02 6188 3600
E-mail: hugh.smith@chamberlains.com.au

(ii) If to the Debtors:

John J. Ray III
125 Broad Street
FTX Mail Room, 32nd Floor
New York, New York, 10004
E-mail: jray@greylockpartnersllc.com

with copies to:

**SULLIVAN & CROMWELL LLP**
Brian D. Glueckstein (admitted *pro hac vice*)
Christopher J. Dunne (admitted *pro hac vice*)
Jacob M. Croke (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Email: gluecksteinb@sullcrom.com
dunnec@sullcrom.com
crokej@sullcrom.com

(f)     Entire Agreement and Amendments.  This Settlement Agreement constitutes the entire agreement and understanding between and among the Parties concerning the matters set forth herein and supersedes any prior agreements or understandings.  This Settlement Agreement may not be amended or modified, nor may any of its provisions be waived, except in writing signed by the Parties bound thereby, or by their respective authorized attorney or other representative.

(g)     No Presumption/Advice of Counsel.  The Parties acknowledge: (a) they have carefully read and fully understand the terms of this Settlement Agreement; (b) that this Settlement Agreement shall be construed in all respects as jointly drafted, and shall not be construed in any way against any other Party hereto on the grounds that the Party was the drafter of this Settlement Agreement, and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Settlement Agreement; (c) they are fully satisfied with all of the terms of this Settlement Agreement; and (d) they discussed this Settlement Agreement with counsel and understand this Settlement Agreement fully and completely.

(h)     Severability.  If any provision in this Settlement Agreement is determined to be invalid, inoperative, or unenforceable, the remaining provisions of this Settlement Agreement remain in effect if both the economic and legal substance of this Settlement Agreement are not materially affected in any manner adverse to any Party.  Otherwise, the Parties shall negotiate in good faith to rewrite any such provision so as to, as nearly and fairly as possible, approach the economic and legal substance originally intended.

[*Signature Page Immediately Follows*]

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement Agreement to be executed by each of them or their duly authorized representatives as hereinafter subscribed.

| | |
|---|---|
| Dated: _____6/24/2024_____ | **JOHN J. RAY, III, SOLELY IN HIS CAPACITY AS CHIEF EXECUTIVE OFFICER OF THE DEBTORS**<br>By: _____/s/_____<br>John J. Ray, III, Solely in His Capacity as Chief Executive Officer of the Debtors |
| Dated: _____ | **MICHAEL BURGESS**<br><br>By: _____<br>Michael Burgess |
| Dated: _____ | **KEVIN NGUYEN**<br><br>By: _____<br>Kevin Nguyen |
| Dated: _____ | **DARREN WONG**<br><br>By: _____<br>Darren Wong |
| Dated: _____ | **LESLEY BURGESS**<br><br>By: _____<br>Lesley Burgess |
| Dated: _____ | **MATTHEW BURGESS**<br><br>By: _____<br>Matthew Burgess |
| Dated: _____ | **3TWELVE VENTURES LTD**.<br><br>By: _____<br>Michael Burgess, in His Capacity as a Director of 3Twelve Ventures Ltd. |
| Dated: _____ | **3TWELVE VENTURES LTD**.<br><br>By: _____<br>Kevin Huy Xuan Nguyen, in His Capacity as a Director of 3Twelve Ventures Ltd. |

9

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement Agreement to be executed by each of them or their duly authorized representatives as hereinafter subscribed.

| | |
|---|---|
| Dated: _____ | **JOHN J. RAY, III, SOLELY IN HIS CAPACITY AS CHIEF EXECUTIVE OFFICER OF THE DEBTORS**<br>By: _____<br>John J. Ray, III, Solely in His Capacity as Chief Executive Officer of the Debtors |
| Dated: 6/22/2024 | **MICHAEL BURGESS**<br>By: *Michael Burgess* (DocuSigned)<br>Michael Burgess |
| Dated: 23 June 2024 | **KEVIN NGUYEN**<br>By: *[signature]*<br>Kevin Nguyen |
| Dated: 6/23/2024 | **DARREN WONG**<br>By: *Darren Wong* (DocuSigned)<br>Darren Wong |
| Dated: 6/23/2024 | **LESLEY BURGESS**<br>By: *Lesley Burgess* (DocuSigned)<br>Lesley Burgess |
| Dated: 6/23/2024 | **MATTHEW BURGESS**<br>By: *[signature]* (DocuSigned)<br>Matthew Burgess |
| Dated: 6/22/2024 | **3TWELVE VENTURES LTD.**<br>By: *Michael Burgess* (DocuSigned)<br>Michael Burgess, in His Capacity as a Director of 3Twelve Ventures Ltd. |
| Dated: 23 June 2024 | **3TWELVE VENTURES LTD.**<br>By: *[signature]*<br>Kevin Huy Xuan Nguyen, in His Capacity as a Director of 3Twelve Ventures Ltd. |

9

| | |
|---|---|
| Dated: ___23 June 2024___ | **BDK CONSULTING LTD**.<br><br>By: _____<br>Kevin Nguyen, in His Capacity as a Director of BDK Consulting Ltd. |
| Dated: ___6/22/2024___ | **BDK CONSULTING LTD**.<br><br>By: ___Michael Burgess___<br>Michael Burgess, in His Capacity as a Director of BDK Consulting Ltd. |

10